# Memorandum
*United States Attorney's Office*
*Eastern District of California*

**FILED**
Dec 03, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**



| Subject: | Sentencing:<br>*United States v. Paxful Holdings, Inc.*<br>2:25-cr-235 JAM | Date: | **December 3, 2025** |
|---|---|---|---|
| To: | **M York,<br>Courtroom Deputy to the<br>Honorable John A. Mendez<br>United States District Judge** | From: | **Matthew Thuesen<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>Eastern District of California<br><br>Emily Cohen<br>Caylee E. Campbell<br>Katherine Nielsen<br>Trial Attorneys<br>Money Laundering, Narcotics<br>and Forfeiture Section<br>Criminal Division<br>U.S. Department of Justice** |

On October 8, 2025, the United States filed a sealed Information charging Paxful Holdings, Inc. ("Paxful"), with one count of conspiracy to willfully fail to maintain an effective anti-money laundering program, in violation of 18 U.S.C. § 371, one count of conspiracy to operate an unlicensed money transmitting business, in violation of 18 U.S.C. § 371, and one count of conspiracy to violate the Interstate and Foreign Travel or Transportation in Aid of Racketeering Enterprises Act, in violation of 18 U.S.C. § 371.

Paxful's arraignment is scheduled for Monday, December 8, 2025, and a change of plea hearing (the "Proceeding") is scheduled before this Court on Tuesday, December 9, 2025, at 9:00 a.m. For the reasons that follow, the parties respectfully request that the Court proceed to sentencing immediately following the Proceeding.

The parties have executed a written plea agreement ("Plea Agreement"), pursuant to Rule 11(c)(1)(C) of the Federal Rule of Criminal Procedure, that calls for Paxful to plead guilty to all three counts in the Information, with an agreed criminal penalty of $4,000,000, a mandatory special assessment of $400 per count of conviction, and a term of organizational probation of two years. The government has provided the Court with the Plea Agreement and accompanying attachments.

The parties understand that the Plea Agreement is subject to judicial approval and that, if the Court accepts the Plea Agreement, because this is a Rule 11(c)(1)(C) plea, Paxful must be sentenced pursuant to the terms set forth in the Plea Agreement. In accordance with Rule

11(c)(5)(B), Paxful may withdraw its plea of guilty if the Court declines to impose the stipulated penalties set forth in the Plea Agreement.

During the Proceeding, a representative of Paxful is expected to enter a guilty plea to the counts in the Information on behalf of the company. The parties anticipate that the Court will question Paxful on the Certificate of Corporate Resolution, which is attached to the Plea Agreement as Attachment B, to verify that Paxful's Board of Directors has approved the execution of the Plea Agreement and that the Plea Agreement contains all the terms and understandings between the parties in this matter. The parties also expect that Paxful's duly authorized corporate officer (the "Corporate Officer") will allocate on the entry of its guilty plea, pursuant to Rule 11.[1] The Corporate Officer and, if the Court requests, the government will be prepared to address how Paxful's conduct satisfies the elements of the counts charged in the Information, including by acknowledging the truth of the facts set forth in the Statement of Facts contained in Attachment A to the Plea Agreement.

The parties are prepared to proceed directly to sentencing after the Proceeding on December 9, 2025. Pursuant to paragraph 28 of the Plea Agreement, the parties waive the preparation of a Pre-Sentence Investigation Report ("PSR"). Rule 32(c)(1)(A)(ii) of the Federal Rules of Criminal Procedure allows the Court to procced to sentencing without the preparation of a PSR if it finds that the information in the record is sufficient to enable it to "meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." The parties understand that the decision whether to proceed with the sentencing without a PSR is exclusively that of the Court. We respectfully submit that the information contained in the Plea Agreement, including paragraphs 7 and 25-26 and the detailed Statement of Facts to which the defendant will admit, will enable the Court to exercise its authority without imposing an additional burden on the Court's calendar.

The parties appreciate the Court's consideration of this request. Should the Court have any questions before the Proceeding or wish for additional information, we will make ourselves available at the Court's convenience.

Please feel free to contact Matthew Thuesen at 916-591-4049 or Katherine Nielsen at 202-355-5736 with any questions or concerns.

---

[1] The parties anticipate that the Court will, as part of this process, ensure that (i) the "Corporate Officer" is sworn in for the purposes of conducting an allocution; (ii) the Corporate Officer has, in fact, been authorized by Paxful's Board of Directors to speak and act on Paxful's behalf throughout the proceeding; (iii) the Corporate Officer and the Board of Directors understand what is happening in the proceeding; and (iv) counsel for Paxful has explained to the Corporate Officer and the Board of Directors the consequences that may flow from the proceeding.