AO 245B-CAED (Rev. 09/2019) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of California

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | Case Number: **2:25CR00235-1** |
| **PAXFUL HOLDINGS, INC.** | Defendant's Attorney: Eugene Ingoglia, Retained |

**THE DEFENDANT:**

[✓] pleaded guilty to counts  1, 2, and 3  of the Information.
[ ] pleaded nolo contendere to count(s) ___ , which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Willfully Fail to Maintain an Effective Anti-Money Laundering Program | November 2019 | 1 |
| 18 U.S.C. § 371 | Conspiracy to Operate an Unlicensed Money Transmitting Business | December 2022 | 2 |
| 18 U.S.C. § 371 | Conspiracy to Violate the Travel Act | December 2022 | 3 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___ .
[ ] Count(s) ___ dismissed on the motion of the United States.
[ ] Indictment is to be dismissed by District Court on motion of the United States.
[✓] Appeal rights given.     [✓] Appeal rights waived.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution or fine, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/10/2026
Date of Imposition of Judgment

*/s/ John A. Mendez*

Signature of Judicial Officer
**John A. Mendez**, Senior U. S. District Judge
Name and Title of Judicial Officer

3/3/2026
Date

AO 245D-CAED (Rev. 09/2019) Sheet 4 - Probation

DEFENDANT: **PAXFUL HOLDINGS, INC.**
CASE NUMBER: **2:25CR00235-1**

Case 2:25-cr-00235-JAM    Document 28    Filed 03/03/26    Page 2 of 6

Page 2 of 6

# SPECIAL CONDITIONS OF PROBATION

1. The Defendant and PXF Global agree to abide by all terms and obligations of the plea agreement as described herein, including, but not limited to, the following:

   a. The Defendant agrees to plead guilty as set forth in this Agreement;

   b. to abide by all sentencing stipulations contained in this Agreement;

   c. to appear, through its duly appointed representatives, as ordered for all court appearances, and obey any other ongoing court order in this matter, consistent with all applicable U.S. and foreign laws, procedures, and regulations;

   d. to commit no further crimes;

   e. to be truthful at all times with the Court;

   f. to pay the applicable fine and special assessment;

   g. to cooperate fully with the Offices as described in Paragraphs 11 and 12; and

   h. to continue to remediate and enhance their AML compliance programs as described in Paragraph 9, including but not be limited to the minimum elements set forth in Attachment C of this Agreement; and

   i. to report to the Offices annually during the Term regarding remediation and implementation of the compliance measures described in Attachment C, prepared in accordance with Attachment D to this Agreement.

2. The Defendant and PXF Global represent that they have implemented and will continue to implement compliance programs that meet, at a minimum, the elements set for in Attachment C. To the extent the Defendant or PXF Global begin operating in the United States or doing business with U.S.-based customers, such programs shall be designed to detect and prevent violations of applicable money laundering, money transmitting, and other applicable AML laws throughout their operations, including those of their affiliates, agents, and joint ventures. Thirty (30) days prior to the expiration of the Term, the Defendant, by its duly authorized representative, and PXF Global, by its duly authorized representative, will certify to the Offices, in the form of executing the document attached as Attachment F to this Agreement, that the Defendant and PXF Global have met their compliance obligations pursuant to this Agreement. Each certification will be deemed a material statement and representation to the executive branch of the United States for purposes of 18 U.S.C. §§ 1001 and 1519, and it will be deemed to have been made in the judicial district in which this Agreement is filed.

3. Except as may otherwise be agreed by the parties in connection with a particular transaction, the Defendant and PXF Global agree that in the event that, during the Term, the Defendant or PXF Global undertake any change in corporate form, including if they sell, merge, or transfer business operations that are material to the Defendant's or PXF Global's operations, or to the operations of any subsidiaries or affiliates involved in the conduct described in the Statement of Facts, as they exist as of the date of this Agreement, whether such sale is structured as a sale, asset sale, merger, transfer, or other change in corporate form, they shall include in any contract for sale, merger, transfer, or other change in corporate form a provision binding the purchaser, or any successor in interest thereto, to the obligations described in this Agreement. The purchaser or successor in interest must also agree in writing that the Offices' ability to determine a breach under this Agreement is applicable in full force to that entity. The Defendant and PXF Global agree that the failure to include these provisions in the transaction will make any such transaction null and void. The Defendant and PXF Global shall provide notice to the Offices at least thirty (30) days prior to undertaking any such sale, merger, transfer, or other change in corporate form. The Offices shall notify the Defendant and PXF Global prior to such transaction (or series of transactions) if they determine that the transaction(s) will have the effect of circumventing or frustrating the enforcement purposes of this Agreement. If at any time during the Term the Defendant or PXF Global engage in a transaction(s) that has the effect of circumventing or frustrating the enforcement purposes of this Agreement, the Offices may deem it a breach of this Agreement pursuant to Paragraphs 29-32. Nothing herein shall restrict the Defendant and PXF Global from indemnifying (or otherwise holding harmless) the purchaser or successor in interest for penalties or other costs arising from any conduct that may have occurred prior to the date of the transaction, so long as such indemnification does not have the effect of circumventing or frustrating the enforcement purposes of this Agreement, as determined by the Offices.

DEFENDANT: **PAXFUL HOLDINGS, INC.**
CASE NUMBER: **2:25CR00235-1**

## SPECIAL CONDITIONS OF PROBATION

4. The Defendant and PXF Global shall cooperate fully with the Offices in any and all matters relating to the conduct described in this Agreement and the Statement of Facts and any individual or entity referred to therein, as well as any other conduct under investigation by the Offices at any time during the Term, until the later of the date upon which all investigations and prosecutions arising out of such conduct are concluded, or the end of the Term. At the request of the Offices, the Defendant and PXF Global shall also cooperate fully with other domestic or foreign law enforcement and regulatory authorities and agencies in any investigation of the Defendant, PXF Global, their parent company or their affiliates, or any of their present or former officers, directors, employees, agents, and consultants, or any other party, in any and all matters relating to the conduct described in this Agreement and the Statement of Facts and other conduct under investigation by the Offices or any other component of the Department of Justice at any time during the Term. The Defendant's and PXF Global's cooperation pursuant to this Paragraph is subject to applicable laws and regulations, including bank secrecy and data privacy, as well as valid claims of attorney-client privilege or attorney work product doctrine; however, the Defendant and PXF Global must provide to the Offices a log of any information or cooperation that is not provided based on an assertion of law, regulation, or privilege, and the Defendant and PXF Global bear the burden of establishing the validity of any such assertion. The Defendant and PXF Global agree that their cooperation pursuant to this Paragraph shall include, but not be limited to, the following:

   a. The Defendant represents that it has timely and truthfully disclosed all relevant factual information about which the Defendant and has any knowledge with respect to the Defendant's activities, those of the its subsidiaries and affiliates, and those of its present and former directors, officers, employees, agents, and consultants, relating to the conduct described in this Agreement, the Information, and the attached Statement of Facts, as well as other conduct known by the Defendant to be under investigation by the Offices at any time about which the Defendant has any knowledge. The Defendant and PXF Global further agree that they shall promptly and truthfully disclose all factual information with respect to their activities, those of their affiliates, and those and those of their present and former directors, officers, employees, agents, and consultants related to the conduct described in this Agreement or the Statement of Facts about which the Defendant and/or PXF Global shall gain any knowledge or about which the Offices have inquired or may inquire. This obligation of truthful disclosure includes, but is not limited to, the obligation of the Defendant and PXF Global to provide to the Offices, upon request, any document, record, or other tangible evidence about which the Offices may inquire of the Defendant and PXF Global, including evidence that is responsive to any requests made prior to the execution of this Agreement.

   b. Upon request of the Offices, the Defendant and PXF Global shall designate knowledgeable employees, agents, or attorneys to provide to the Offices the information and materials described in Paragraph 11(a) above on behalf of the Defendant and PXF Global. It is further understood that the Defendant and PXF Global must at all times provide complete, truthful, and accurate information.

   c. The Defendant and PXF Global shall use their best efforts to make available for interviews or testimony, as requested by the Offices, present or former officers, directors, employees, agents, and consultants of the Defendant and PXF Global. This obligation includes, but is not limited to, sworn testimony before a federal grand jury or in federal trials, as well as interviews with domestic or foreign law enforcement and regulatory authorities. Cooperation under this Paragraph shall include identification of witnesses who, to the knowledge of the Defendant and PXF Global, may have material information regarding the matters under investigation.

   d. With respect to any information, testimony, documents, records or other tangible evidence provided to the Offices pursuant to this Agreement, the Defendant and PXF Global consent to any and all disclosures to other governmental authorities including United States authorities and those of a foreign government of such materials as the Offices, in their sole discretion, shall deem appropriate.

The Defendant, having ended operations in the United States and no longer providing financial services to customers based in the United States, agrees to immediately report to the Offices any decisions by the Defendant to re-enter the United States market during the Term prior to the implementation of such decision and to certify that their compliance program satisfies the minimum elements of Attachment C to this Agreement and is fully compliant with U.S. law before re-entering the United States market. PXF Global, which purchased Defendant's assets outside of the United States, agrees to report any decision, prior to the implementation of such decision, by PXF Global to begin operating in the United States or serving customers based in the United States during the Term.

## SPECIAL CONDITIONS OF PROBATION

5. In addition to the cooperation obligations provided for in Paragraph 11 of the plea agreement, during the Term, should the Defendant or PXF Global learn of any evidence or allegation of conduct that may a criminal violation of U.S. federal law, the Defendant and PXF Global shall promptly report such evidence or allegation to the Offices. Thirty (30) days prior to the end of the Term, the Defendant and PXF Global, by their duly authorized representatives, will certify to the Offices in the form of executing the document attached as Attachment E to this Agreement that the Defendant and PXF Global have met their disclosure obligations pursuant to this Paragraph. Each certification will be deemed a material statement and representation by the Defendant and PXF Global to the executive branch of the United States for purposes of 18 U.S.C. §§ 1001 and 1519, and it will be deemed to have been made in the judicial district in which this Agreement is filed.

6. The Defendant agrees that any fine imposed by the Court and the mandatory special assessment of $400 per count of conviction will be due and payable as specified in Paragraph 26 below, and that any restitution imposed by the Court will be due and payable in accordance with the Court's order.

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

**TOTALS**

| Processing Fee | Assessment | AVAA Assessment* | JVTA Assessment** | Fine | Restitution |
|---|---|---|---|---|---|
| | $1,200.00 | $0.00 | $0.00 | $4,000,000.00 | $0.00 |

[ ]  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

[ ]  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

[ ]  Restitution amount ordered pursuant to plea agreement $ _____

[ ]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [ ]  The interest requirement is waived for the [ ] fine [ ] restitution

  [ ]  The interest requirement for the [ ] fine [ ] restitution is modified as follows:

[ ]  If incarcerated, payment of any unpaid criminal monetary penalties in this case is due during imprisonment at the rate of 10% of the defendant's gross income per month or $25 per quarter, whichever is greater. Payment shall be made through the Bureau of Prisons Inmate Financial Responsibility Program.

[ ]  Other:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299

\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **PAXFUL HOLDINGS, INC.**
CASE NUMBER: **2:25CR00235-1**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A. [ ] Lump sum payment of $ ____ due immediately, balance due

    [ ] Not later than , or

    [ ] in accordance    [ ] C,    [ ] D,    [ ] E, or    [ ] F below; or

B. [✓] Payment to begin immediately (may be combined with    [ ] C,    [ ] D,    [✓] F below); or

C. [ ] Payment in equal ____ *(e.g. weekly, monthly, quarterly)* installments of $ ____ over a period of ____ *(e.g. months or years)*, to commence ____ *(e.g. 30 or 60 days)* after the date of this judgment; or

D. [ ] Payment in equal ____ *(e.g. weekly, monthly, quarterly)* installments of $ ____ over a period of ____ *(e.g. months or years)*, to commence ____ *(e.g. 30 or 60 days)* after release from imprisonment to a term of supervision; or

E. [ ] Payment during the term of supervised release/probation will commence within ____ *(e.g. 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F. [✓] Special instructions regarding the payment of criminal monetary penalties:

    [✓] **Payments must be made by Check or Money Order, payable to: Clerk, U.S.D.C. and mailed to:**

        [✓] CLERK U.S.D.C.
        501 "I" Street, #4-200
        Sacramento, CA 95814

Your check or money order must indicate **your name and citation/case number** shown above to ensure your account is credited for payment received.

If incarcerated, payment of any unpaid criminal monetary penalties in this case is due during imprisonment at the rate of 10% of the defendant's gross income per month or $25 per quarter, whichever is greater. Payment shall be made through the Bureau of Prisons Inmate Financial Responsibility Program.

The defendant shall make payments toward any unpaid criminal monetary penalties in this case during supervision at the rate of at least 10% of your gross monthly income. Payments are to commence no later than 60 days from placement on supervision. This payment schedule does not prohibit the United States from collecting through all available means any unpaid criminal monetary penalties at any time, as prescribed by law.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States: The Preliminary Order of Forfeiture is hereby made final as to this defendant and shall be incorporated into the Judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.